**UNITED STATES COURT OF APPEALS FOR THE
FEDERAL CIRCUIT**

_____

*In re: MPHJ Technology Investments, LLC,*
*Petitioner.*

_____

**No. 2014-137**

_____

**STATE OF VERMONT'S REPLY IN SUPPORT OF MOTION TO STRIKE
DOC. 12-2 AND PORTIONS OF DOC. 12-1.**

The non-record materials submitted by MPHJ should be stricken. MPHJ did not seek leave of the Court before submitting non-record exhibits. And MPHJ has not come close to showing that this case presents the kind of extraordinary circumstances that justify supplementing the record on appeal. To the contrary, MPHJ repeatedly and incorrectly argues that the Court should issue an advisory opinion addressing parties and issues that are not before the Court. MPHJ's position lacks any legal support. Vermont's motion to strike should be granted.

**I.    The documents attached to MPHJ's Reply are not part of the record on appeal.**

MPHJ printed articles from the Internet, attached the articles as exhibits to its Reply, and presented arguments to this Court based on inaccurate descriptions

of the articles. MPHJ has not cited any authority that supports presenting non-record material to an appellate court in this manner. The filing was improper and both the exhibits and relevant parts of the reply memorandum should be stricken.

MPHJ's suggestion that the Court supplement the record on appeal is untimely and unpersuasive. Assuming the Court may supplement the record in an exceptional case, MPHJ made no such request. It is a "basic tenet of appellate jurisprudence . . . that parties may not unilaterally supplement the record on appeal with evidence not reviewed by the court below." *Lowry v. Barnhart*, 329 F.3d 1019, 1024-25 (9th Cir. 2003) (quoting *Tonry v. Sec. Experts, Inc.*, 20 F.3d 967, 974 (9th Cir.1994)). MPHJ was obliged to "proceed by motion or formal request so that the court and opposing counsel are properly apprised of the status of the documents in question." *Id.* (sanctioning appellees, who "never moved to supplement the record" and "merely designated the letter an excerpt of record and referred to it as such in their brief"); *see also Ross v. Kemp*, 785 F.2d 1467, 1474-75 (11th Cir. 1986) ("We have refused to supplement the record when a party has filed supplemental material without requesting leave of this court or has appended material to an appellate brief without filing a motion to supplement."); *United States v. Bosby,* 675 F.2d 1174, 1181 n.9 (1982) (declining to consider non-record affidavit; noting that Government attached affidavit to brief and did not move to supplement the record). MPHJ submitted no request for leave of this Court to

submit non-record materials. And MPHJ's decision to unilaterally submit the documents to the Court as part of its Reply deprived Vermont of the normal and expected opportunity to respond. The appropriate remedy for MPHJ's conduct is to strike the filings.

Even if the Court construes MPHJ's latest briefing as a belated request to supplement the record on appeal, the Court should decline, for at least three reasons.

First, MPHJ has not come close to making an adequate showing of exceptional or compelling circumstances. The Third Circuit has explained that considering "new evidence on appeal" is possible only in "extraordinary circumstances, such as those that render the case moot or alter the appropriateness of injunctive relief, a change in pertinent law, or facts of which a court may take judicial notice." *In re Application of Adan*, 437 F.3d 381, 388 n. 3 (3d Cir. 2006). The power of an appellate court to enlarge is "rarely exercised" and is "a narrow exception to the general rule that an appellate court may consider only the record made before the district court." *Dakota Indus. Inc. v. Dakota Sportswear, Inc.*, 988 F.2d 61, 63 (8th Cir. 1993). In determining whether exceptional circumstances exist to supplement the record, courts have considered:

> (1) whether the proffered addition would establish beyond any doubt the proper resolution of the pending issue; (2) whether remanding the case to the district court for consideration of the additional material

would be contrary to the interests of justice and the efficient use of judicial resources; and (3) whether the appeal arose in the context of a habeas corpus action.

*Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 226 (3d Cir. 2009) (quotation omitted); *see also Ross*, 785 F.2d at 1475. MPHJ has not suggested that any of these circumstances exist in this case. In fact, MPHJ acknowledges that its non-record exhibits do "not control the Rule 11 analysis." Doc. 12-1, at 13. Moreover, this case is pending in state court and the state court has MPHJ's Rule 11 motion under advisement. *See* Doc. 11-3, at 29; Doc. 11-4. If MPHJ seeks to raise new issues in connection with its Rule 11 motion, it should do so in state court. MPHJ has failed to identify any extraordinary circumstances that would justify this Court exercising any limited exception to the general prohibition against considering information outside of the district court record.

Indeed, MPHJ has not explained how news articles published after the district court remanded the case could have any relevance to appellate review of the district court's ruling – review which is, in any event, barred by 28 U.S.C. § 1447(d), *see* Doc. 10-1. MPHJ weakly suggests that the article about General Sorrell could somehow be relevant to a Rule 11 sanction. To even come close to addressing that issue, this Court would (1) have to reject each of the obstacles to appellate review raised by Vermont (*see* Doc.10-1); (2) find some merit to a Rule 11 motion which was, as Vermont has explained, entirely baseless (*see* Doc. 10-1;

Doc. 2-2, at 275); and (3) decide that an Internet news article, untested through any evidentiary process, is relevant to a sanctions decision. Again, MPHJ cites no precedent supporting such an extraordinary expansion of the ordinary appellate process. There is no plausible legal basis for the Court to consider these non-record materials.

Second, the articles are hearsay and would be inadmissible even in an evidentiary proceeding. The articles are not admissions, as MPHJ suggests. Focusing on Exhibit B, the article recites that it is a publication of Law360, reprinting a publication of Stout Risius Ross, Inc., reported by four listed authors, in turn reporting statements attributed to General Sorrell. Doc. 12-2, at 13. Thus on its face, the article acknowledges multiple levels of hearsay. "Newspaper articles are 'rank hearsay.'" *Nooner v. Norris*, 594 F.3d 592, 603 (8th Cir. 2010) (recognizing that newspaper article is hearsay, even though article reported statement of party); *see also S. Wine & Spirits of Am., Inc. v. Div. of Alcohol and Tobacco Control*, 731 F.3d 799, 807 (8th Cir. 2013) (refusing to consider newspaper article not submitted in district court); *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005) (describing newspaper articles as "classic, inadmissible hearsay"). The fact that the articles report statements attributed to General Sorrell does not transform the articles into admissions. The articles are classic hearsay, offered to prove "the truth of the matter asserted" – that General

Sorrell made the statements described therein. *See Horta v. Sullivan,* 4 F.3d 2, 8 (1st Cir. 1993) ("Even were appellee . . . the sole source of the article's information, so that his statements could be regarded as the nonhearsay admissions of a party opponent, the article itself constitutes inadmissible out-of-court statements, by unidentified persons, offered to prove the truth of the matter asserted." (citations omitted)); *Nooner*, 594 F.3d at 603 (newspaper article reporting statement of a party " is offered to prove the truth of the matter asserted and is not covered by any hearsay exception").

Third, as explained below, MPHJ has inaccurately described the statements attributed to General Sorrell and the articles have no possible relevance to any issues in this case.

## II.   MPHJ inaccurately describes statements attributed to General Sorrell.

MPHJ's descriptions of the statements attributed to General Sorrell are unquestionably inaccurate and should be stricken. MPHJ has wrongly asserted the following in its filings:

- "the Vermont AG recently *admitted to scheming* to avoid scrutiny of his conduct by this Court," Doc. 12-1, at 12 (emphasis added);

- "the Vermont AG . . . asserted that he drafted his suit to 'religiously . . . avoid saying anything about whether [the patentee] does, in fact, have patents, or what those patents control,' and *explained that he did so* in an

attempt to avoid the preemption jurisprudence of this Court, and to avoid consideration of this case by the federal courts and this Court," Doc. 20, at 6 (emphasis added); *see also id.* at 8;

- "By admitting that he 'religiously avoid[ed]' asserting that the patents are either invalid or not infringed, the Vermont AG *has admitted that he knowingly filed a case that is frivolous* and in violation of Rule 11," *id*. at 20, at 8-9 (emphasis added);

- "the Vermont AG *declares* that he has brought his case because he believes this Court is 'not taking care of its business,'" and "*admits* that it has refused to plead required elements of a case because it has disdain for the jurisprudence establishing those elements," *id.* at 10 (emphasis added).

MPHJ's repeated use of terms such as "admits," "explains" and "declares" suggests that these statements were, in fact, made by General Sorrell. They were not. Nowhere in the published interview does General Sorrell say anything about avoiding federal court review. He certainly did not "admit" Vermont's case was frivolous. The interview question about former Chief Judge Rader's views was specifically about the need for legislation addressing patent litigation reform. That question and response say nothing about the decision to file this lawsuit, contrary to MPHJ's description. The interview also quotes General Sorrell as pointing out that Vermont's complaint does not address the validity or scope of MPHJ's

7

patents. Vermont has made that point repeatedly in court filings in this litigation, and there is nothing surprising or improper about the statement.

MPHJ's filings re-write the statements attributed to General Sorrell. Those inaccuracies should be disregarded.

### III. The non-record materials improperly submitted by MPHJ are irrelevant.

Setting aside MPHJ's rhetoric, MPHJ essentially says that the published interview is relevant because General Sorrell acknowledged that Vermont's complaint "avoid[s] saying anything about whether [MPHJ] does, in fact, have patents, or what those patents control." Doc. 20, at 6, 8, 21. As the district court recognized, Vermont has consistently argued in this case that its complaint does not address the validity or scope of MPHJ's patents. *See, e.g.,* Doc. 2-2, at 13 ("the State argues that the Court lacks federal question jurisdiction because the consumer fraud claims are based solely in state law and are unrelated to the validity of MPHJ's patents"); *id.* at 18 ("The State's claims do not challenge the validity or scope of MPHJ's patents nor do they require any determination of whether infringement has actually occurred."). There is nothing improper about the Attorney General, an elected public official, describing the state's litigation position. MPHJ's suggestion that the statement reflects some ill-will or improper motive is baseless.

**IV.   The Court may not supplement the record on appeal to provide advice to other courts, litigants, and state legislatures, because federal courts have no jurisdiction to issue advisory opinions.**

Contrary to MPHJ's assertions, the Court may not issue an advisory opinion to give legal advice to the Vermont Attorney General, state legislatures, "other jurists, parties, and lawyers," and other "plaintiffs bringing similar actions in the future." Doc. 20, at 12, 14. It is a bedrock principle of constitutional law that federal courts may only decide actual cases and controversies. *See, e.g.*, *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) ("The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy, and a federal court [lacks] the power to render advisory opinions." (quotations omitted)); *Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945) (refusing to "pass upon the constitutionality of legislation in a suit which is not adversary," the Court explained that declaratory judgment "may not be made the medium for securing an advisory opinion in a controversy which has not arisen"); *see also Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988) ("At the heart of the 'case or controversy' requirement is the prohibition against advisory opinions."). "Advisory mandamus" is a term of art used primarily by the First Circuit to categorize types of mandamus relief. As the First Circuit has emphasized, however, the concept has nothing to do with issuing advisory *opinions*. *United States v. Green*, 407 F.3d 434, 444 (1st Cir. 2005)

("Despite the nomenclature, advisory mandamus does not permit federal courts to issue advisory opinions.").

MPHJ's filing inappropriately discusses laws passed by other states, bills pending in other states, and litigation with the FTC and other states. *See* Doc. 20, at 14-18, 20. Its filing puts yet more hearsay before the Court by describing supposed conversations with other states' attorneys general. *Id.* at 17 n.21. MPHJ suggests that this Court should find other states' legislation "alarming." *Id.* at 16. The suggestion that the Court's decision in this case should be based in some way on the Court's views of Wisconsin's new statute or statements supposedly made by unnamed persons in an unnamed state attorney general's office is improper. The Court should not consider any of this irrelevant material in deciding whether the Court has jurisdiction over MPHJ's petition for a writ of mandamus.

## CONCLUSION

The documents filed by MPHJ are not part of the record on appeal and were submitted without leave of the Court. MPHJ has failed to offer any extraordinary circumstances justifying expansion of the record. And the new information is not relevant to MPHJ's improper petition. Accordingly, Vermont respectfully requests that this Court grant its Motion to Strike these documents and MPHJ's statements relating to these documents.

Dated: July 10, 2014

                                    STATE OF VERMONT

                                    WILLIAM H. SORRELL
                                    ATTORNEY GENERAL

By:   /s/ *Bridget C. Asay*
       Bridget C. Asay
       Ryan Kriger
       Naomi Sheffield
       Assistant Attorneys General
       Vermont Attorney General's Office
       109 State Street
       Montpelier, VT 05609
       Tel. (802) 828-5500
       bridget.asay@state.vt.us
       ryan.kriger@state.vt.us
       naomi.sheffield@state.vt.us

# CERTIFICATE OF INTEREST

Counsel for the respondent State of Vermont certifies the following:

1. The full name of every party or amicus represented by me is:

**State of Vermont**

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

**State of Vermont**

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

**None**

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

**Vermont Attorney General's Office**
**Bridget C. Asay**
**Naomi Sheffield**
**Ryan Kriger**

Dated: July 10, 2014　　　　　　　　　　*/s/ Bridget C. Asay*
　　　　　　　　　　　　　　　　　　　　Bridget C. Asay

## CERTIFICATE OF SERVICE

I certify that I served a copy of this motion on Steven R. Daniels and William Bryan Farney on July 10, 2014 by electronic means, and I served a copy of this motion on David P. Swenson by United States mail at Farney Daniels PC, 100 North Sixth Street, Suite 445A, Minneapolis, MN 55403.

Dated: July 10, 2014

*/s/ Naomi Sheffield*
Naomi Sheffield
Assistant Attorney General
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Tel. (802) 828-6906
naomi.sheffield@state.vt.us